UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Case No. 08-53104

GREEKTOWN HOLDINGS, L.L.C., et al.[1]                               In Proceedings Under
                                                                    Chapter 11
            Debtors.                                                Jointly Administered

_____/                            Hon. Walter Shapero

## REPLY TO FAIRWAY PACKING'S OBJECTION TO DEBTOR'S 503(b)(9) PROCEDURES MOTION

In response to Debtors' Motion for an Order Establishing Procedures with Respect to Reclamation Claims Pursuant to 11 U.S.C. § 546(c)(1) and Administrative Expense Claims Brought Pursuant to 11 U.S.C. § 503(b)(9) (the "Motion") [Docket No. 244], Fairway Packing objects to the proposed procedures because it believes good cause for allowing procedures has not been shown since very few 503(b)(9) claims have been filed (the "Objection") [Docket No. 300]. Fairway Packing's objections should be overruled because granting the Motion allows a procedure whereby 503(b)(9) claims are analyzed and processed en masse in a speedy and economical process, which is much more efficient than the piecemeal analysis requested by Fairway Packing.

The procedures proposed in the Motion allow all 503(b)(9) claimants to be paid more

---

[1] The Debtors' bankruptcy cases are jointly administered with Greektown Holdings, L.L.C. ("Holdings") Case No. 08-53104, Greektown Casino, L.L.C. ("Greektown Casino") Case No. 08-53106; Kewadin Greektown Casino, L.L.C. ("Kewadin") Case No. 08-53105; Monroe Partners, L.L.C. ("Monroe") 08-53107; Greektown Holdings II, Inc. ("Holdings II") Case No. 08-53108; Contract Builders Corporation ("Builders") Case No. 08-53110; Realty Equity Company Inc. ("Realty") Case No. 08-53112; and Trappers GC Partner, LLC ("Trappers") Case No. 08-53111.

quickly than the Bankruptcy Code otherwise provides. As noted in the Motion, section 503(b)(9) of the Bankruptcy Code does not address when such administrative claims are to be paid. In re Global Home Products, LLC, 2006 Bankr. LEXIS 3608 *9 (Bankr. D. Del. 2006); In re Bookbinders' Restaurant, Inc., 2006 Bankr. LEXIS 3749 *11-12 (Bankr. E.D. Penn. 2006).

Rather, section 1129(a) provides that the Court shall confirm a plan if, among other requirements and unless otherwise agreed by a 503(b)(9) claimant "with respect to a claim under 507(a)(2),[2] *on the effective date of the plan*, the holder of such claim will receive the amount of such claim in cash equal to the allowed amount of such claim." 11 U.S.C. § 1129(a)(9)(A) [emphasis added]. Notwithstanding § 1129's language, bankruptcy courts have the discretion to determine the timing of 503(b)(9) payments considering the "bankruptcy court's goal of an orderly and equal distribution among creditors and the need to prevent a race to the courthouse." Id. at 13-14, citing In re HQ Global Holdings, Inc., 282 B.R. 169, 173 (Bankr. D. Del. 2002). See also In re Global Home Products, LLC, supra at *10, *citing* In re Garden Ridge Corp., 323 B.R. 136 (Bankr. D. Del. 2005); In re Colortex Indus., 19 F.3d 1371, 1384 (11th Cir. 1994); In re Continental Airlines, Inc., 146 B.R. 169 (Bankr. D. Del. 2002) ("when a claimant timely files a request for payment of an administrative expense under § 503(a), the timing of the payment of that administrative expense claim is left to the discretion of the court.").

The Debtors believe that the procedures in the Motion provide the best means for reaching an orderly and equal distribution among creditors and preventing a race to the courthouse. While only a few 503(b)(9) claims have been filed to date, the Debtors believe that many more may be filed. Absent the adoption of procedures detailed in the Motion, Fairway Packing, Better Made, Renaissance Man and other 503(b)(9) claimants may rush to the

---

[2] Section 507(a)(2) accords section 503(b)(9) claimants second priority in distributions from the estate after the secured creditors have been paid.

{00180743}2

courthouse seeking immediate payment and increasing the costs and fees borne by the Debtors and other interested parties, leaving less for other interested parties.

Moreover, the Bankruptcy Code does not mandate payment of the claims until the plan is confirmed. 11 U.S.C. § 1129(a)(9)(A). The procedures discussed in the motion provide an efficient means for resolving the 503(b)(9) claims while allowing the 503(b)(9) claimants redress to this court. As discussed in the Motion, similar procedures have been adopted in other cases. The procedures detailed in the Motion allows 503(b)(9) claims to be analyzed, addressed, and paid before the confirmation of the plan. Thus, getting money into the hands of the 503(b)(9) even faster than required under § 1129(a)(9)(A).

Therefore, the Debtors respectfully request this that this Honorable Court grant the Motion and overrule Fairway Packing's Objection.

Respectfully submitted:

SCHAFER AND WEINER, PLLC

By: /s/ John J. Stockdale, Jr.
DANIEL J. WEINER (P32010)
MICHAEL E. BAUM (P29446)
BRENDAN G. BEST (P66370)
JOHN J. STOCKDALE, JR. (P71561)
Counsel for Debtors
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: August 28, 2008