UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:  Case No. 08-53104-wsd

GREEKTOWN HOLDINGS, L.L.C., et al. [1]  In Proceedings Under
 Chapter 11
    Debtors.  Jointly Administered

_____/  Hon. Walter Shapero

## OPINION REGARDING DEBTORS' MOTION TO EMPLOY STOUT RISIUS ROSS *NUNC PRO TUNC* AS REAL PROPERTY APPRAISERS

Overview and Facts

On November 20, 2009, the above-captioned debtors ("Debtors") filed an Application to Employ Stout Risius Ross ("SRR") as Real Property Appraisers *nunc pro tunc* to January 19, 2009 (Docket No. 1871). The United States Trustee ("US Trustee") filed an objection to the Application on December 18, 2009 that argued granting *nunc pro tunc* employment is an extraordinary remedy and was not warranted by the mere inadvertence to file a timely application in this case (Docket No. 1935). Oral arguments on the matter were heard and the Court took the matter under advisement. Due to the fact Debtors have not shown the required exceptional circumstances, the Application for retention and employment of SRR *nunc pro tunc* is denied.

---

[1] The Debtors' bankruptcy cases are jointly administered with Greektown Holdings, L.L.C. ("Holdings") Case No. 08-53104, Greektown Casino, L.L.C. ("Greektown Casino") Case No. 08-53106; Kewadin Greektown Casino, L.L.C. ("Kewadin") Case No. 08-53105; Monroe Partners, L.L.C. ("Monroe") Case No. 08-53107; Greektown Holdings II, Inc. ("Holdings II") Case No. 08-53108; Contract Builders Corporation ("Builders") Case No. 08-53110; Realty Equity Company, Inc. ("Realty") Case No. 08-53112; and Trappers GC Partner, L.L.C. ("Trappers") Case No. 08-53111

1

SRR performed two real property appraisals between January and August 2009 at the request of Debtors. (Docket No. 1871, p. 3.) These appraisals were performed on a parking garage located at 1001 Brush Street and on a parking lot located at 422 E. Lafayette respectively. (Id. at 2-3.) As best can be ascertained by the record before the Court, what occasioned these appraisals is that sometime in 2008, Debtors determined that incident to formulation and negotiation of a plan it would be appropriate to have appraisals done on those properties. At that point some internal steps may have been taken to prepare or consider preparation of the required applications for the Court's appointment of SRR, though it is not clear what or when such steps might have been taken (and in any event clarification of such would not affect disposition of the issue). But sometime in January 2009, upper management or someone in authority decided such appraisals were no longer necessary. Unfortunately, that decision was not communicated to those in the organization who were engaged with SRR, causing the appraisals to move forward. Accordingly, SRR's work continued to the completion and delivery of the appraisals in July or August of 2009. Debtors or their professionals apparently in response to discovery requests became specifically aware of the appraisals thereafter and the *nunc pro tunc* application was filed on the indicated date. The relief requested seeks the authority to retain and employ SRR *nunc pro tunc* to January 19, 2009. (Id. at 3.) The fees incurred in connection with the appraisals total $ 13,000. (Id. at 2.)

Debtors assert that the appraisal services have been valuable in their efforts to reorganize and the Court has no reason to doubt it. (Id. at 3.) They further advocate that SRR has significant qualifications and experience in delivering appraisal services in chapter 11 cases. (Id. at 5.) To the best of Debtors' knowledge and belief, SRR does not have any connection with any party with an interest in this case. (Id. at 5.)

Issue Presented

Under what circumstances should a court grant an application to employ professionals like Stout Risius Ross on a *nunc pro tunc* basis and is the application justified in the current case?

Discussion

The Bankruptcy Code's requirement of prior court approval for employment of counsel is clear. Under 11 U.S.C. §§ 327(a)[2] and 1107(a)[3], a trustee or debtor in possession may not employ appraisers without the bankruptcy court's prior approval. In re Pica Systems, Inc., 124 B.R. 30, 32 (E.D. Mich. 1991). Rule 2014(a) outlines the procedure for obtaining court approval for the employment of professional persons. In addition to Rule 2014(a), bankruptcy courts also possess the equitable power to authorize *nunc pro tunc* employment of counsel and may do so, but only if "exceptional circumstances" are present. In re Diamond Mortgage, 77 B.R. 597, 601 (E.D. Mich. 1987).

While the Sixth Circuit has been silent on the issue, courts within the Circuit have formulated standards as to whether a *nunc pro tunc* application should be granted. The nine-factor test found in In re Twinton Properties Partnership, 27 B.R. 817 (Bankr. M.D. Tenn. 1983) is perhaps the most well known. In that case, the Bankruptcy Court stated that

> The court will carefully scrutinize all nunc pro tunc requests under strictly interpreted criteria. Specifically, an applicant for nunc pro tunc employment of a

---

[2] 11 U.S.C. § 327(a) provides that "[e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

[3] 11 U.S.C. § 327(a) provides that "[s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a) (2), (3), and (4) of this title, of a trustee serving in a case under this chapter."

professional person must affirmatively demonstrate each of the following by clear and convincing evidence:

1. The debtor, trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;

2. The party for whom the work was performed approves the entry of the nunc pro tunc order;

3. The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;

4. No creditor or party in interest offers reasonable objection to the entry of the nunc pro tunc order;

5. The professional satisfied all the criteria for employment pursuant to 11 U.S.C.A. § 327 (West 1979) and Rule 215 of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;

6. The work was performed properly, efficiently, and to a high standard of quality;

7. No actual or potential prejudice will inure to the estate or other parties in interest;

8. The applicant's failure to seek pre-employment approval is satisfactorily explained; and

9. The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval of the employment of professionals.

Id. at 819-820. Subsequent cases have endorsed this approach. See, e.g., In re Aultman Ent., 264 B.R. 485, 493 (E.D. Tenn. 2001).

Despite no unfavorable treatment within the Sixth Circuit, the test in Twinton Properties has been criticized on several grounds. According to one court, eight of the nine factors constitute dicta because Twinton Properties was decided exclusively on the applicant's failure to meet factor number three (applicant has provided notice and opportunity to object to creditors and parties in interest). In re Crook, 62 B.R. 937, 941 (Bankr. D. Or. 1986). Additionally, factor

4

number five (professional satisfied all the criteria for employment pursuant § 327 and Rule 2014) cannot be literally construed because doing so would necessarily require pre-employment approval. See id. at 942. Similarly, factor number seven could never be satisfied if literally construed because any order approving a *nunc pro tunc* application necessarily prejudices unsecured creditors (given an estate is not fully solvent) by reducing their recovery. See id.

Twinton Properties is at best a useful guide in determining whether to grant a *nunc pro tunc* application. Particular to the current case, factor number four (no creditor or party in interest offers reasonable objection to the entry of the nunc pro tunc order) would not be met simply by virtue of the US Trustee *making* a reasonable objection. See 62 B.R. at 940-941. Considering the fact objections to *nunc pro tunc* orders are generally reasonable, this factor would preclude courts from exercising their equitable powers in virtually every case where an objection is filed. See id. The Court will also not literally construe factor number five (professional satisfied all the criteria for employment pursuant § 327 and Rule 2014) because the absence of a prior order authorizing employment the employment of SRR would preclude a successful application no matter the circumstances. See id. at 942. Application of factor number seven (no actual or potential prejudice will inure to the estate or other parties in interest) is problematic in this or any case both because a smaller return to creditors would preclude a successful application in every case without regard to circumstances, and in this particular case its application is *de minimis*. See id. Nonetheless, the Court is mindful of the spirit of Twinton Properties and will weigh the factors in determining whether exceptional circumstances have been shown that justify granting the *nunc pro tunc* application.

The decision to grant a *nunc pro tunc* application is not taken lightly by courts and requires exceptional circumstances unique to a particular case. "Exceptional circumstances" in

this context have been interpreted to require a satisfactory explanation for the failure to receive prior judicial approval and a determination such services benefited the bankruptcy estate. See In re Soderquist, 349 B.R. 23, 25 (Bankr. D. Idaho 2005). Courts applying the Twinton Properties criteria and alternatives testing whether exceptional circumstances are present have held that mere oversight is insufficient. 264 B.R. at 493; See, e.g., In re Jarvis, 53 F.3d 416, 421 (1st Cir. 1995); In re Land, 943 F.2d 1265 (10th Cir. 1991). The Court accepts the assertion the appraisals benefited the bankruptcy estate to some degree; what remains is whether the explanation for the filing delay is satisfactory. Mere negligence does not constitute an exceptional circumstance justifying the entry of a retroactive order. In re Blain, 1995 U.S. Dist. LEXIS 12531 (E.D. Mich. 1995), citing 77 B.R. 597. By their own admission, SRR has extensive experience in Chapter 11 cases, suggesting they should have been aware of the need for prior court approval before commencing their services. Given SRR's appraisals were considered to be useful to reorganization efforts, SRR's failure to insist upon or follow up on a timely application for retention contributed to the result. Precedent within the Eastern District of Michigan holds that retroactive approval should not be granted merely because approval would have been given if timely requested. Id.

Debtors cite In re Federated Department Stores, Inc. 114 B.R. 501 (S.D. Ohio 1990) and In re Microwave Prods. of America, Inc., 104 B.R. 900 (W.D. Tenn. 1989) as examples of cases within this Circuit in which *nunc pro tunc* employment applications were granted. These cases are not analogous because the time gaps between commencement of the professional services and the application filing were much shorter. Instead of the ten month time gap found in the current case, In re Federated Department Stores covered a three month period and In re Microwave Prods. of America granted retroactive relief for a 28 day period. 114 B.R. at 506; 104

B.R. at 905-906. The Court instead finds the current case analogous to In re Pica Systems where the District Court denied *nunc pro tunc* relief for a 14-month time delay. 124 B.R. at 30. The fault is not entirely attributable to SRR. Rather a combination of inaction, inattentiveness, and lack of follow up by Debtors and/or their associated professionals also contributed to the result. In their objection, the US Trustee emphasizes the ten month period between the start of SRR's work, its completion and billing in eight months, and the actual filing of the application two to three months thereafter. It is true that the longer the period without filing, the less merit there is to such an application. Given the indicated length of time, what we have here *in toto* (as unfortunate as it may be) can best be described as nothing more or less than negligence, inattention, or inadvertence on the part of a combination of sophisticated parties who ought to have known better. If such is held to come within the meaning of "exceptional circumstances", then the exception will have swallowed the rule and the clear statutory mandate rendered virtually meaningless.

Conclusion

Accordingly the required exceptional circumstances are not present, and therefore Debtors' Application to Employ Stout Risius Ross as Real Property Appraisers *nunc pro tunc* to January 19, 2009 is DENIED.

An order is being entered contemporaneously.

.

**Signed on March 26, 2010**

          \_\_\_\_ \_\_/s/ Walter Shapero\_ \_\_\_
          **Walter Shapero**
          **United States Bankruptcy Judge**