UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:                                           Case No. 08-53104

GREEKTOWN HOLDINGS, L.L.C., et al.               In Proceedings under Chapter 11
                                                 Jointly Administered
     Reorganized Debtors.
                                                 Hon. Walter Shapero

_____/

**OPINION DENYING, WITHOUT PREJUDICE, REORGANIZED
GREEKTOWN'S MOTION *IN LIMINE* TO PRECLUDE EXTRINSIC OR
PAROL EVIDENCE AT HEARING ON MOELIS APPLICATION**

The matters before the Court are Reorganized Greektown's Motion *in Limine* to Preclude
Extrinsic or Parol Evidence at Hearing on Moelis Application (Docket No. 2769) and Moelis &
Company LLC's Objection (Docket No. 2797) thereto.


# I.       BACKGROUND

Reorganized Greektown ("Debtors") filed its Chapter 11 petition on May 29, 2008.  On
October 3, 2008, Debtors filed an Application to Employ and Retain Moelis & Company, LLC
("Moelis") as Investment Banker to the Debtors and Debtors-in-Possession and, on October 15,
2008, the Court entered an Order authorizing such.  On June 1, 2009, Debtors filed a proposed
Chapter 11 Plan of Reorganization.  On December 7, 2009, the Noteholder Plan Proponents filed
the Noteholder Plan.   On January 22, 2010, the Court entered an Order Confirming the
Noteholder Plan.   On August 16, 2010, Moelis filed its Final Application for Compensation
(Docket No. 2601), and, on October 15, 2010, Debtors filed an Objection to such.  The matters at
issue with respect to Moelis's Application appear to be whether Moelis is entitled to any "Capital
Transaction Fee" or any "Restructuring Transaction Fee" under the terms of the Engagement
Letter entered into between Debtors and Moelis.  On November 1, 2010, Moelis filed a Notice of
Amended Calculation of Requested Compensation and Reimbursement of Expenses Pursuant to
its Final Fee Application (Docket No. 2706).  On November 4, 2010, Debtor and Moelis jointly
filed a Stipulated Motion to Conduct Discovery in Connection with Final Fee Application of

1

Moelis for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses as Investment Banker to the Debtors for the Period of October 7, 2008 through June 30, 2010 ("Discovery Motion") (Docket No. 2709), and, on November 12, 2010, the Court entered an Order Granting the Discovery Motion. (Docket No. 2713).

On December 17, 2010, Debtors filed their Motion *in Limine* to Preclude Extrinsic or Parol Evidence at Hearing on Moelis Application ("Motion") (Docket No. 2769) and, on January 18, 2011, Moelis & Company LLC's Objection (Docket No. 2797) thereto. In their Motion, Debtors request (1) that the Court find the language of the Engagement Letter with respect to "Capital Transaction Fees" and "Restructuring Transaction Fees" is unambiguous on its face and (2) that the Court enter an order precluding the use of extrinsic evidence to contradict that language at the hearing on Moelis's fee application. In its Objection to the Motion, Moelis argues that (a) the terms of the Engagement Letter unambiguously entitle Moelis to the fees requested in its fee application, and, in the alternative, (b) if the Court determines that the Engagement Letter does not unambiguously entitle it to the requested fees, the Court should find that the Engagement Letter is ambiguous and extrinsic evidence should be admitted. The Court held a hearing on July 18, 2011 and took the matter under advisement.

## II.    DISCUSSION

In determining the matter before the Court, it is important to note that discovery is currently ongoing between Debtors and Moelis. At the July 18, 2011 hearing, the parties indicated that there were no outstanding document discovery issues. What Debtors are requesting would establish some parameters of questioning at the depositions that will be conducted in this case. As the Court noted at that hearing, the rules regarding discovery are somewhat broader than evidence rules as presented during the course of a proceeding.[1] This proceeding is in its discovery phase and the issue is considered in that context.

---

[1] Fed. R. Civ. P. 26(b)(1) states:

> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense –including the existence, description, nature, custody, condition, and location of any documents or other tangible this and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.

When the parol evidence rule (which is a substantive, not a procedural matter) is at issue in a bankruptcy proceeding, the bankruptcy court generally must apply the law of the state in which it sits to resolve the issue. *See In re Potts*, 724 F.2d 47, 49 (6th Cir. 1984) (applying Ohio law to determine if parol evidence was admissible where case was filed in the Bankruptcy Court for the Northern District of Ohio). However, in this case, the parties agree that New York law governs the Moelis Engagement Letter and the issue of whether extrinsic evidence is admissible in this case. The Moelis Engagement Letter provides that "[a]ll aspects of the relationship created by this agreement shall be governed and construed in accordance with the laws of the State of New York, applicable to contracts made and to be performed therein." For that reason, the Court will apply New York law to determine at the appropriate time whether the parol evidence rule precludes the use of extrinsic evidence in this case.[2]

"Under New York law, a written contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language they have employed." *Cruden v. Bank of N.Y.,* 957 F.2d 961, 976 (2d Cir.1992). "Where ... the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence." *Rainbow v. Swisher,* 72 N.Y.2d 106, 109, 531 N.Y.S.2d 775, 527 N.E.2d 258 (1988). Conversely, "[i]f the court finds that the terms, or the inferences readily drawn from the terms, are ambiguous, then the court may accept any available extrinsic evidence to ascertain the meaning intended by the parties during the formation of the contract." *Alexander & Alexander Servs., Inc. v. Certain Underwriters at Lloyd's,* 136 F.3d 82, 86 (2d Cir.1998). "An ambiguity exists where the terms of a contract could suggest 'more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" *Id.* (quoting *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 906 (2d Cir.1997)). "The determination of whether a contract term is ambiguous is a threshold question of law for the court." *Walk-In Med. Ctrs., Inc. v. Breuer Capital Corp.,* 818 F.2d 260, 263 (2d Cir.1987).

---

[2] Although the Court would generally apply the law of the state in which it sits (Michigan law), it will apply New York law because the parties have agreed to such in this case. In any event, a brief review of Michigan law indicates that it does not differ significantly from New York law on this issue.

As the Court noted at the July 18, 2011 hearing, what is discoverable is broader than what might be admissible as evidence during the trial of a proceeding. If, as noted, the very existence or non-existence of ambiguity depends  not only on  cognizance of the terms of the document itself, but also possibly on cognizance of "customs, practices, usages and terminology as generally understood in the particular trade or business," the latter is, and becomes, germane to a decision relating to application of the parol evidence rule.  Such are thus fit subjects for discovery and, being such, preclude a premature ruling of ambiguity or lack thereof, which is what Debtors are seeking at this time. It is also conceivable that some kinds or types of parol evidence might be admissible as evidence at a trial for some purpose or to prove some point that might affect the outcome, even if the Court were to then or ultimately conclude the provisions in question are not ambiguous.  While it might be nice for the Court and possibly less expensive for the parties if some important evidence issues could be determined, and the breadth and length of the trial process thus possibly reduced, in this situation it is preferable that the question of the existence of ambiguity and what a decision on it portends by way of admissible evidence, be decided in the context of the actual trial itself.  For that reason, the Court finds Debtors' Motion to preclude parol evidence is premature, and Debtors' Motion *in Limine* is denied, without prejudice.  Movant shall present an appropriate order.

.

Signed on September 12, 2011

```
                            /s/ Walter Shapero
                     Walter Shapero
                     United States Bankruptcy Judge
```